# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHEN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **TEIGHE ALEXANDER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No.:** |
| ) | |
| **HUHTAMAKI, INC.,** ) | **JURY DEMAND** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

### I.   INTRODUCTION

1.   This is an action alleging disability discrimination and retaliation in violation of Title I of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. 12101 et. seq., brought by Teighe Alexander.  Plaintiff is a qualified individual with a disability.  Plaintiff alleges that Defendant discriminated against him based on his disability, his record of disability, and Defendant's perception of Plaintiff as disabled, in violation of the ADA.  Plaintiff seeks injunctive relief, equitable relief, reinstatement, lost wages and benefits, compensatory damages, and reasonable attorney fees and costs.

### II.   JURISDICTION

2.   This Court has jurisdiction in accordance with 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

1

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title I of the ADA. Plaintiff timely filed his charge on January 18, 2022 within 180 days of the occurrence of the last discriminatory act and the Equal Employment Opportunity Commission investigated. The EEOC issued a Right to Sue Notice on July 27, 2022.

### III. PARTIES

4. Plaintiff, Teighe Alexander, is an individual over the age of 19 years and is a resident of Marshall County, Alabama. Plaintiff is an individual with a disability, has a history of a disability, and is regarded by Defendant as disabled. Despite this disability, with or without reasonable accommodation, Plaintiff could perform the essential functions of his position. Consequently, Plaintiff is a qualified individual as defined under the ADA.

5. Defendant Huhtamaki, Inc. (hereinafter "Defendant") is an "employer" as defined under the ADA and is subject to compliance with 42 U.S.C. 12111(5). Plaintiff worked at Defendant's facility located in Albertville, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391.

### IV. FACTUAL ALLEGATIONS

6. Plaintiff began working as a temporary employee for Defendant, which is a global leader in the food packaging industry, as a machine operator in 2016.

8. Plaintiff is completely deaf and communicates through American Sign Language ("ASL").

9. In 2016 and 2017, Plaintiff applied for several full-time positions with Defendant for which he was qualified, but Defendant refused to hire him and instead hired nondisabled persons for those vacancies.

10. Plaintiff filed an EEOC Charge against Defendant on December 16, 2017, for refusing to hire him.

11. After Plaintiff filed his EEOC Charge, Defendant agreed to hire Plaintiff into a full-time machine operator position effective January 8, 2018.

12. Around June 2, 2021, Plaintiff suffered a shoulder injury requiring surgery and resulting in him being out of work for a medical leave of absence. Plaintiff applied for and received short time disability benefits until he was cleared to return to work in December 2021.

13. On July 13, 2021, Plaintiff filed an EEOC Charge against Defendant for refusing to promote him to a forklift driver position; however, Plaintiff had waited too long to challenge the last selection decision to file a lawsuit.

14. When Plaintiff returned to work in December 2021, Defendant denied Plaintiff the reasonable accommodations he had requested because of his disability, discriminated against him because of his disability, and harassed him because of his disability.

15. Plaintiff had been requesting reasonable accommodations for communicating with maintenance and others since the beginning of his employment, but Defendant refused those requests.

16. Plaintiff repeatedly asked to be able to use his phone to communicate with co-workers, maintenance and supervisors by texting them as a reasonable accommodation, but Defendant continued to deny his requests.

17. For example, when Plaintiff's machine malfunctioned, he needed to call maintenance on the radio.

18. Because Plaintiff was unable to communicate through a radio and he was not supposed to leave his post to go to maintenance, he tried to get coworkers to call for maintenance assistance over the radio for him, but his coworkers were generally busy with their own work and did not help him.

19. Therefore, Plaintiff had to do his best to communicate by radio to maintenance. Because Plaintiff was unable to speak, when he tried to use the radio to signal maintenance he needed help, Plaintiff would utter a kind of undecipherable noise in hopes maintenance would know it was him calling. That was humiliating and dehumanizing to Plaintiff and he was likely the butt of jokes around the plant as he tried to use the radio to communicate.

20. Until very recently, since filing his latest EEOC Charge on January 18, 2022, Defendant refused to even allow Plaintiff to use his own cell phone to type out a

message and show it to whomever is standing near him. After filing his third EEOC Charge, Defendant began allowing Plaintiff to type what he needs into his personal cell phone, hand it to whomever he is communicating with face to face and they in turn type their response.

21. Plaintiff wants to be able to use his cell phone to communicate when he is not face to face with the person to whom he is communicating, but Defendant refuses to allow that reasonable accommodation.

21. In addition, Defendant subjected Plaintiff to a hostile work environment because he is deaf.

22. On a constant and continuous basis coworkers make a game of screaming at Plaintiff, telling him he does not need a phone because he cannot hear, mocking him because of his inability to hear and speak, and engaging in other harassing behavior directed at his disability.

23. Plaintiff complained of this harassment, but management and HR took no action to stop it.

24. These adverse actions are also in retaliation for Plaintiff filing an EEOC Charge on July 13, 2021.

25. Other deaf qualified individuals have applied for employment with Respondent who are acquaintances of Plaintiff have not been hired, and instead, Defendant hires other less qualified individuals who are not hearing impaired. As a

result, Defendant has deprived Plaintiff the opportunity to work in an environment with others who communicate through sign language.

26. Defendant intentionally discriminated against Plaintiff based on his disability, by failing to reasonably accommodate him and by harassing him, in violation of the Americans with Disabilities Act, as amended.

27. In denying Plaintiff reasonable accommodations and harassing him because of his disability, Defendant intentionally, willfully, and maliciously discriminated against Plaintiff on the basis of his disability, in complete disregard for his federally protected rights.

28. As a result of Defendant's actions and inactions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation, and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, emotional distress, mental anguish and suffering, and loss of enjoyment of life.

## V.   CAUSES OF ACTION

**A. Americans with Disabilities Act - Failure to Accommodate and Disparate Treatment**

29. Plaintiff is a person with a disability, as that term is defined by the Americans with Disabilities Act. Plaintiff also has a record and history of a disability; and Defendant regarded Plaintiff as disabled. See 42 U.S.C. 12102.

30. Defendant is a covered entity and an employer in accordance with 42 U.S.C. 12111(5).

32. Plaintiff is a qualified individual as defined under the ADA. Despite Plaintiff's disability, with or without reasonable accommodation, he is able to perform the essential functions of the job. See 42 U.S.C. 12111.

33. Under the ADA, Defendant is prohibited from discriminating against Plaintiff, a qualified individual, on the basis of disability. 42 U.S.C. 12112(a).

34. The ADA's protections against discrimination also prohibit utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability. 42 U.S.C. 12112(b)(3)(A).

35. Defendant violated the ADA by failing to provide Plaintiff with reasonable accommodations. 42 U.S.C. 12112(b)(5)(A); 29 U.S.C. 794.

36. Defendant refused to engage in the interactive process in response to Plaintiff's requests for accommodations. Such accommodations would not have imposed an undue hardship on the operation of the Defendant's business.

37. Defendant has no legitimate, non-discriminatory reason for its conduct.

38. As a proximate result, Plaintiff has suffered extreme harm including, pain, humiliation, mental anguish and suffering.

    **B.    COUNT II – Retaliation in Violation of the ADA**

39. Plaintiff brings this Count pursuant to the ADA.

40. Plaintiff engaged in protected activity when he filed an EEOC Charge against Defendant on July 13, 2021.

41. After Plaintiff filed an EEOC Charge, instead of remedying the harassment Defendant retaliated against Plaintiff by taking materially adverse employment actions up to and including continuing to refuse to accommodate him and harass him.

42. But for Plaintiff's engagement in protected activity, Defendant would not have taken these materially adverse employment actions against him.

43. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

44. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief and compensatory damages is his only means of securing adequate relief.

45. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court

    **C.**     **Count III – Disability Harassment**

46. Plaintiff brings this Count pursuant to the ADA.

47. Defendant subjected Plaintiff to a hostile work environment that was sufficiently severe or pervasive to alter the terms and conditions of his employment.

48. The hostile work environment was objectively and subjectively hostile and abusive because a reasonable person would find the work environment endured by Plaintiff hostile and abusive, Plaintiff subjectively perceived the environment he endured to be hostile and abusive and the harassment negatively impacted Plaintiff's employment by making it more difficult to do his job.

49. Defendant failed to guard against the misconduct of its employees, failed to train their managers and employees, failed to monitor their performance and conduct and failed to take adequate remedial action.

50. Defendant had no effective policies and no effective procedures for handling complaints of disability harassment.

51. Defendant was made aware of this hostile and abusive environment, and continuously refused to take appropriate remedial action.

52. Defendant ratified and/or condoned such hostile and abusive behavior by failing to take appropriate action.

53. Defendant is directly and vicariously liable for the conduct of its employees that amounted to the disability harassment suffered by Plaintiff.

54. The disability harassing conduct towards Plaintiff, and Defendant's ratification of such conduct, adversely affected Plaintiff's job because the conduct unreasonably interfered with Plaintiff's employment to such an extent that it made it more difficult for Plaintiff to do his job.

55. Defendant, by and through its agent, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

56. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

57. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment practices, policies, procedures, conditions, and customs that led to the discrimination by Defendant violate Plaintiff's rights as secured by the Americans with Disabilities Act, 42 U.S.C. 12101.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate the ADA.

3. Enter an Order requiring the Defendant to make Plaintiff whole by awarding Plaintiff compensatory, punitive, and nominal damages.

4.      Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses incurred by this litigation.

5.      Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged in this suit, and this action for injunctive, declaratory and other relief is his only means of securing adequate relief.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb (asb-5401-f58j)
L. William Smith (asb-8660-a61s)
Christina M. Malmat (asb-1214-y44q)
Lieselotte M. Carmen-Burks (asb-8304-t46e)
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB LLC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500